# EXHIBIT A

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

HUDSON POWER TRANSMISSION DEVELOPERS LLC

vs.

DELMARVA POWER & LIGHT COMPANY

NO. 2017-04969

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| HUDSON POWER TRANSMISSION DEVELOPERS, LLC, f/k/a TRANSOURCE, LLC, | : | |
| | : | |
| Plaintiff | : | |
| | : | No. 17-04969 |
| v. | : | |
| | : | |
| DELMARVA POWER & LIGHT COMPANY, JERSEY CENTRAL POWER & LIGHT COMPANY, PUBLIC SERVICE ELECTRIC & GAS COMPANY, PJM INTERCONNECTION, L.L.C., and PPL ELECTRIC UTILITIES CORPORATION, | : | |
| | : | |
| Defendants | : | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
Norristown, PA 19401
(610) 279-9660, Extension 201


Dated:  January 14, 2019                         MCNEES WALLACE & NURICK LLC

                                                 By: _____
                                                     James P. DeAngelo, Pa. I.D. 62377
                                                     Dana W. Chilson, Pa. I.D. 208718
                                                     100 Pine Street, P.O. Box 1166
                                                     Harrisburg, PA 17108-1166
                                                     Telephone: (717) 232-8000
                                                     jdeangelo@mcneeslaw.com
                                                     dchilson@mcneeslaw.com

                                                 *Attorneys for Plaintiff Hudson Power*
                                                 *Transmission Developers, LLC*

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

HUDSON POWER TRANSMISSION   :
DEVELOPERS, LLC, f/k/a TRANSOURCE, LLC,   :
  :
    Plaintiff   :
  :   No. 17-04969
    v.   :
  :
DELMARVA POWER & LIGHT COMPANY,   :
JERSEY CENTRAL POWER & LIGHT COMPANY,   :
PUBLIC SERVICE ELECTRIC & GAS   :
COMPANY, PJM INTERCONNECTION, L.L.C., and   :
PPL ELECTRIC UTILITIES CORPORATION,   :
  :
    Defendants   :

## COMPLAINT

Hudson Power Transmission Developers, LLC ("Hudson Power"), LLC, by and through

its undersigned counsel, files this Complaint against Delmarva Power & Light Company, Jersey

Central Power & Light Company, Public Service Electric and Gas Company, PJM

Interconnection, L.L.C., and PPL Electric Utilities Corporation.  In support hereof, Hudson

Power avers as follows:

**I.**  **Parties**

1.  Hudson Power, formerly named TranSource, LLC, is a Wisconsin limited liability

company with a business address of 350 South Hamilton Street, #802, Madison, Wisconsin

53703.

2.  Hudson Power, a merchant transmission developer, is in the business of

identifying and performing upgrades that relieve congestion in electric transmission systems.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3.     Delmarva Power & Light Company ("DPL") is a Delaware corporation with a business address of 630 Martin Luther King Blvd., Wilmington, Delaware 19801.

4.     DPL is a public utility that owns an electric transmission system primarily located in Delaware, Maryland, and Virginia.

5.     Jersey Central Power & Light Company ("JCP&L") is a New Jersey corporation with a registered office at 820 Bear Tavern Road, West Trenton, New Jersey 08628.

6.     JCP&L is a public utility that owns 10 regulated electric distribution companies stretching from the Ohio-Indiana border to the New Jersey shore.

7.     Public Service Electric and Gas Company ("PSE&G") is a New Jersey corporation with a business address of 80 Park Plaza, Newark, New Jersey 07101.

8.     PSE&G is a public utility that owns an electric transmission system in New Jersey.

9.     PPL Electric Utilities Corporation ("PPL") is a Pennsylvania corporation with a business address of 2 N 9th Street, Allentown, Pennsylvania 18101.

10.    PPL is a public utility that owns an electric transmission system in Pennsylvania.

11.    PJM Interconnection, L.L.C. ("PJM") is a Delaware company with a business address of 2750 Monroe Boulevard, Audubon, Pennsylvania 19403.

12.    PJM is a regional transmission organization that coordinates the movement of wholesale electricity in numerous states, including Pennsylvania.

13.    PJM is a non-profit limited liability company with different levels of membership opportunities for transmission owners.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14.     PJM operates, among many others, the transmission lines that DPL, JCP&L, PSE&G, and PPL own.

15.     PJM is the responsible regional planning authority for the transmission lines that DPL, JCP&L, PSE&G, and PPL own.

16.     DPL, JCP&L, PSE&G, and PPL all conduct business with PJM in Pennsylvania.

17.     DPL and JCP&L are affiliate members of PJM.

18.     PSE&G is a voting member of PJM.

19.     PPL is a voting member of PJM.

## II.     Statement of Facts

A.     <u>Regulatory Structure and Process for Transmission System Upgrade Requests</u>

20.     The Federal Energy Regulatory Commission ("FERC" or "Commission") requires public utilities that own, control, or operate transmission facilities to file open access non-discriminatory transmission tariffs that contain minimum terms and conditions of non-discriminatory service.

21.     PJM, DPL, JCP&L, PSE&G, and PPL are public utilities under FERC's jurisdiction.

22.     FERC authorizes the North American Electric Reliability Corporation ("NERC") to establish reliability standards for transmission facilities and to enforce those standards.

23.     Under NERC reliability standards, including FAC-008-3 and FAC-003-6, transmission owners are required to maintain methodologies for calculating facility ratings, which are essential for determining system operating limits.

3

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

24.     Under NERC standards, each transmission owner's facility ratings are to be calculated and applied in a manner that is consistent with that transmission owner's FAC-008-3 methodology.

25.     FAC-008-3 methodology requires transmission owners' facility ratings for a circuit to be based on the most limiting element of that circuit, which is the piece of equipment that most constrains the flow of electricity through that circuit.

26.     Under the Federal Power Act, 16 U.S.C. 791 et seq., all transmission-owning utilities are required annually to file certain information with FERC, including facility ratings for their transmission systems and branch circuit ratings in order to inform the public "of potentially available transmission capacity and known restraints." See 16 U.S.C. § 824l(b).

27.     Transmission owners satisfy the Federal Power Act's requirement by filing this information, or coordinating with PJM to file this information, with FERC on FERC Form 715.

28.     Regional transmission organizations, such as PJM, may file the FERC Form 715 on behalf of transmission owners.

29.     Under NERC standards, facility ratings must be calculated pursuant to each transmission owner's FAC-008-3 methodology.

30.     FERC Form 715s are available to merchant transmission developers seeking to propose and invest in upgrades to transmission systems.

31.     PJM is a FERC-authorized regional transmission organization.

32.     As required by FERC, PJM filed with FERC an open access transmission tariff (the "Tariff").

4

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

33.     Under the Tariff, PJM is required to provide its members, including Hudson Power, with equal and open access to participate on a non-discriminatory basis in the expansion, planning, and construction of the PJM-operated transmission systems.

34.     In accordance with the Tariff, merchant transmission developers, such as Hudson Power, can submit proposals to construct network upgrades and interconnections to the PJM-operated transmission systems.

35.     Upgrade/interconnection requests are reviewed by PJM, and, if approved, are assigned a date-specific position to perform the upgrades in what is known as a queue position. Upgrade requests propose to increase the electricity transfer capability of a portion of the transmission system.

36.     Upgrades to the transmission system may result in PJM's awarding of Incremental Auction Revenue Rights ("IARR") and Incremental Capacity Transfer Rights ("ICTR"). In other words, companies that upgrade the system may receive a return on their investment linked to certain financial rights that are made feasible by the increased transfer capability and/or capacity stemming from the upgrade.

37.     PJM uses facility ratings as a part of its determination of whether additional capacity is required on transmission facilities in order to award IARRs and ICTRs.

38.     PJM receives facility ratings and other transmission system data from the transmission owners.

39.     PJM provides a merchant developer with certain information related to the queue position in the form of a System Impact Study ("SIS").

5

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

40.     The SIS includes cost estimates related to the upgrades that PJM determines to be necessary to satisfy the IARR requests made by the merchant developer.

41.     The cost estimates for these transmission system upgrades are provided to PJM by transmission owners.

B.     <u>Hudson Power's Upgrade Requests</u>

42.     In 2014, Hudson Power sought to complete network upgrades to systems owned by DPL, JCP&L, PSE&G, and PPL (together, the "Transmission Owners") and, in exchange, receive the IARRs and ICTRs associated with those upgrades.

43.     In furtherance of its proposal to perform transmission system upgrades, Hudson Power submitted ten interconnection requests pursuant to Attachment S of the Tariff, which governs the process surrounding the request for and construction of electricity transmission system upgrades.

44.     Hudson Power determined which upgrades to submit to PJM on the interconnection requests by relying on the publicly available information obtained from FERC Form 715s submitted to FERC by the Transmission Owners.

45.     PJM granted Hudson Power ten queue positions in the PJM queue with respect to its ten interconnection requests.

46.     Pursuant to Attachment S of the Tariff, PJM is required to model interconnection requests using a planning model that is based on security-constrained dispatch to determine feasibility and to identify physically and electrically necessary upgrades that are required to make the awarded financial rights feasible.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

47.     Hudson Power discussed its Attachment S requests with PJM, and PJM subsequently recommended that Hudson Power resubmit its ten queue positions pursuant to Attachment EE of the Tariff.

48.     On September 30, 2014, Hudson Power filed with the FERC an unopposed limited waiver request seeking authority to convert its ten Attachment S interconnection requests into three Upgrade Requests under Attachment EE.  In that filing, Hudson Power requested that its three Upgrade Requests under Attachment EE retain the queue priority dates of the latest queue position contained in each request.

49.     On November 25, 2014, FERC issued an order approving Hudson Power's request to convert its ten queue positions, originally filed under Attachment S of the PJM Tariff, into three queue positions under Attachment EE of the Tariff, retaining the original Attachment S queue priority dates for each converted queue position.

50.     PJM assigned Hudson Power Queue Position Z2-072, Queue Position Z2-053, and Queue Position Z2-069 (together, the "Queue Positions").

51.     Queue Position Z2-072 contains proposed upgrades to the transmission system owned by DPL.

52.     Queue Position Z2-053 and Z2-069 contain proposed upgrades to transmission systems owned by JCP&L, PS&EG, and PPL.

53.     Holding the Queue Positions gave Hudson Power priority over any later requests for positions in the PJM queue for the right to build certain upgrades on transmission systems owned by the Transmission Owners.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

54.     In each April of 2012, 2013, 2014, and 2015, PJM filed with FERC, on Form 715, facility ratings for each of the Transmission Owner's circuits for the preceding year.  PJM completed these filings on behalf of the Transmission Owners and based on the facility ratings information provided by each Transmission Owner.

55.     As part of PJM's process to assign the Queue Positions, PJM used facility ratings to determine which circuits in the Queue Positions needed to be upgraded, and included those circuits in the SIS for each Queue Position.  However, PJM used facility ratings inconsistent with those it reported in the FERC Form 715 filings it had submitted on behalf of the Transmission Owners.  The facility ratings and the associated modeling process used by PJM was not publicly available and was not made transparent to Hudson Power during its IARR upgrade request.

56.     PJM informed the Transmission Owners of those circuits which needed to be upgraded.

57.     PJM requested that the Transmission Owners prepare and provide a cost estimate for construction of each upgrade identified by PJM for each of the three Queue Positions.

58.     The cost estimates should have been based on the same facility ratings as reported by the Transmission Owners in their respective FERC Form 715s.

59.     The basis of the upgrade cost estimates set forth in the SISs was not consistent with the facility ratings in the Transmission Owners' respective FERC Form 715 filings.

60.     The Transmission Owners filed facility ratings with FERC that were not consistent with FAC-008-3 methodologies as required by NERC in that, among other things, they were not based on the most limiting element of the circuits.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

61.     The cost estimates provided to PJM by the Transmission Owners were based on facility ratings that were not consistent with FAC-008-3 methodology as required by NERC.

62.     PJM initially released the findings of the SISs for each of Hudson Power's Queue Positions in draft form on or about March 13, 2015, and in official form on March 31, 2015.

63.     Hudson Power objected to the SISs because the scope and cost of upgrades contained in each of the three SIS reports was unreasonable.

64.     Thereafter, PJM withdrew the initial SISs and committed to issue revised SISs.

65.     On or about June 10, 2015, PJM released revised SISs for Hudson Power's Queue Positions, which increased the scope and estimated cost of the upgrades, even above the costs in the March 31, 2015 SISs.

66.     In developing the SISs, PJM relied on the facility ratings and cost estimates provided to PJM by the Transmission Owners.  PJM did not effectively review, audit, or verify those facility ratings and cost estimates.

67.     DPL, JCP&L, PSE&G, and PPL all reported facility ratings to FERC, in PJM filings that PJM made on behalf of each Transmission Owner, that differed from the facility ratings resulting from DPL, JCP&L, PSE&G, and PPL's respective FAC-008-003 methodologies.

68.     Those inconsistent facility ratings affected, among other things, the scope of the upgrades that were identified in each SIS for each of the Queue Positions as well as the cost estimates for the individual projects identified in each Queue Position and the timeline upon which the upgrades could be completed.

9

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

69.     Upon information and belief, the Transmission Owners provided false facility ratings and inflated the cost estimates with the intent to cause the upgrades to be financially infeasible for Hudson Power.

70.     PJM failed to verify the facility ratings provided by each Transmission Owner and failed to confirm the cost estimates provided by each Transmission Owner.

71.     As a result of the Transmission Owners providing false facility ratings and cost estimates and PJM's failure to verify, the SISs overstated the cost estimates of upgrades related to the Queue Positions.

72.     Hudson Power reasonably relied on the cost estimates in the SISs to evaluate its ability to perform the upgrades.

73.     The unreasonably high cost estimates in the SISs were so excessive that Hudson Power was prohibited from proceeding to the next stage of the PJM study process for the Queue Positions.

74.     Additionally, the inflated scope of the estimates impacted the timeline upon which improvements could be completed, also hampering Hudson Power's ability to proceed to the next stage of the PJM study process for the Queue Positions.

75.     On July 13, 2015, PJM terminated Hudson Power's Queue Positions, thereby depriving Hudson Power of the right to perform upgrades and receive financial benefits in return.

C.     <u>PJM's Wrongful Prioritization of DPL Projects Ahead of Hudson Power</u>

76.     Additionally, DPL submitted its own supplemental projects at PJM in September 2014.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

77.     PJM has admitted that it wrongly prioritized DPL's supplemental projects in front of Hudson Power's projects.

78.     DPL received constructive, legal, or actual notice in late 2014 and early 2015 that PJM wrongly prioritized DPL's projects ahead of Hudson Power's projects, yet DPL has failed to acknowledge or rectify the illegal queue prioritization error. DPL is incentivized to not acknowledge the queue prioritization error because DPL stands to benefit by constructing its own upgrades through the supplemental projects in lieu of Hudson Power's merchant funded upgrades.

79.     The impact of DPL's duplicity is potentially years of delay in construction, unjust enrichment to DPL, and thus years in delay of revenue payouts to Hudson Power, and millions of dollars of additional construction costs.

D.     <u>PSE&G Misrepresentation of the Readington-Roseland Line</u>

80.     During the SIS phase and thereafter, PSE&G specifically withheld and misrepresented information regarding the scope of the needed improvements for the Readington-Roseland electric transmission line and associated facilities.

81.     PSE&G had in its possession specific analyses and studies relating to the improvements needed for the Readington-Roseland line; however, PSE&G purposefully ignored the recent best available information and data when it determined the scope and cost of the needed upgrades, thereby inflating the ultimate cost to Hudson Power.

E.     <u>The January 19, 2018 Initial Decision at FERC</u>

82.     On January 19, 2018, a FERC Administrative Law Judge in an Initial Decision found that PJM, DPL, JCP&L, PSE&G, and PPL violated Section 206 of the Federal Power Act

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

by studying Hudson Power's merchant upgrade request in a non-transparent, unjust, unreasonable, and discriminatory manner that could not be anticipated or replicated.  The FERC Judge found that the nontransparent practices that PJM applied illegally prevented Hudson Power from a fair opportunity to have its upgrade processed in a just, reasonable, and nondiscriminatory manner.  The FERC Judge concluded that substantial evidence in the record in FERC Docket No. ERL15-79 supports those findings of non-transparency and discrimination.

83.     The FERC Judge found that Hudson Power reasonably relied data and facility ratings information in the FERC Form 715.  The FERC Judge found that PJM used facility ratings inconsistent with those it reported in the FERC Form 715 filings it had submitted on behalf of the Transmission Owners.

84.     The FERC judge found that PSE&G was not transparent regarding the conditions of the Readington-Roseland electric transmission line and associated facilities.

85.     The Initial Decision of the FERC judge is pending before the Commission.

### Count I – Hudson Power v. Delmarva Power and Light
### Fraud/Intentional Misrepresentation

86.     Hudson Power incorporates paragraphs 1 through 85 as if set forth in full.

87.     Under the Federal Power Act, DPL had a duty to submit certified information through FERC Form 715.  See 16 U.S.C. § 824l(b).

88.     DPL had a duty to provide accurate information to Hudson Power pursuant to PJM's Consolidated Transmission Owner Agreement ("CTOA") and in the course of responding to network upgrade requests.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

89.     DPL filed facility ratings on FERC Form 715 with FERC on April 1st of each year in 2012, 2013, 2014, 2015, and 2016, which ratings correspond to each previous year.[1]

90.     DPL filed facility ratings with FERC for the systems affected by the proposed upgrades that are the subject of Hudson Power's Queue Position Z2-072.

91.     Upon information and belief, the facility ratings that DPL filed on its FERC Form 715 were false.

92.     Upon information and belief, DPL knew or believed that the facility ratings it filed with FERC were false.

93.     Upon information and belief, DPL knew or believed that the facility ratings it provided to PJM were false.

94.     DPL knew that PJM would utilize the false facility ratings in connection with Hudson's Powers upgrade requests.

95.     DPL presented cost estimates and timelines to PJM in connection with the upgrades for Queue Position Z2-072.

96.     The cost estimates that DPL presented to PJM were false.

97.     Upon information and belief, DPL knew or believed that the cost estimates and timelines provided to PJM and incorporated in the SIS were false.

98.     PJM prepared the SIS for Queue Position Z2-072 using the cost estimates and timelines provided by DPL.

---

[1] As noted above, PJM completed the actual FERC Form 715 filings on behalf of each Transmission Owner.

13

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

99.     Upon information and belief, DPL knew or believed that PJM would incorporate the false cost estimates and timelines into the SIS report.

100.     DPL presented false cost estimates and timelines to PJM with the knowledge that Hudson Power would rely on the cost estimates and timelines.

101.     Upon information and belief, DPL knew or believed that the cost estimates and timelines provided to PJM and incorporated in the SIS were false.

102.     PJM prepared the SIS for Queue Position Z2-072 using the cost estimates, facility rating information, and timelines provided by DPL.

103.     Hudson Power reasonably relied on the cost estimates in the SIS.

104.     The unreasonably high cost estimates in the SISs were so high that Hudson Power was prohibited from proceeding to the next stage of the PJM study process for Queue Position Z2-072.

105.     On July 13, 2015, PJM terminated Hudson Power's Queue Positions, thereby depriving Hudson Power of the right to perform upgrades and receive financial benefits in return for Queue Position Z2-072.

106.     Upon information and belief, by representing false information to PJM, DPL intended to prevent Hudson Power from performing the upgrades in Queue Position Z2-072 so that DPL could retain for itself the opportunity to perform the upgrades on its own and receive the related return on investment.

107.     Upon information and belief, DPL made the false representations described above intentionally, maliciously, and with wanton disregard for Hudson Power's right to receive

14

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

accurate facility ratings and upgrade completion timelines, and with the intent to exclude Hudson Power from the opportunity to complete the upgrades.

108.    DPL knew the supplemental projects submitted to PJM were wrongly prioritized over Hudson Power's projects, but did nothing to rectify the issue.

109.    DPL made the representation of its cost estimates and timelines with a reckless disregard for the truth.

110.    DPL had no justification for providing false facility ratings, false cost estimates, or excessive timelines.

111.    DPL's conduct of intentionally providing false information to FERC and to PJM to inflate the costs of the project caused Hudson Power to lose Queue Position Z2-072 and the benefits to flow from completing the upgrade.

112.    As a result of Hudson Power not being able to proceed with the transmission system upgrades, PJM terminated Hudson Power's Queue Position Z2-072 and Hudson Power incurred damages, including, without limitation, lost profits related to the IARR and ICTR associated with the upgrades.

WHEREFORE, Hudson Power Transmission Developers, LLC respectfully requests that this Court enter judgment in its favor and against Delmarva Power & Light Company in an amount of compensatory damages exceeding $50,000, punitive damages, plus all other legally recoverable damages Hudson Power has incurred, interest, costs, and any other relief that this Court deems appropriate.

### Count II – Hudson Power v. Jersey Central Power & Light Company Fraud/Intentional Misrepresentation

113.    Hudson Power incorporates paragraphs 1 through 112 as if set forth in full.

15

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

114.    Under the Federal Power Act, JCP&L had a duty to submit certified information through FERC Form 715. See 16 U.S.C. § 824l (b).

115.    JCP&L had a duty to provide accurate information to Hudson Power pursuant to PJM's CTOA and in the course of responding to network upgrade requests.

116.    JCP&L filed facility ratings on FERC Form 715 with FERC on April 1st of each year in 2012, 2013, 2014, 2015, and 2016, which ratings correspond to each previous year.

117.    JCP&L filed facility ratings with FERC for the systems affected by the proposed upgrades that are the subject of Hudson Power's Queue Positions Z2-053 and Z2-069.

118.    The facility ratings that JCP&L filed on its FERC Form 715 were false.

119.    Upon information and belief, JCP&L knew or believed that the facility ratings it filed with FERC were false.

120.    JCP&L also supplied these false facility ratings information to PJM in connection with Hudson's Powers upgrade requests.

121.    Upon information and belief, JCP&L knew or believed that the facility ratings it provided to PJM were false.

122.    JCP&L knew that PJM would utilize the false facility ratings in connection with Hudson's Powers upgrade requests.

123.    Upon information and belief, JCP&L presented cost estimates and timelines to PJM in connection with the upgrades for Queue Positions Z2-053 and Z2-069.

124.    The cost estimates and timelines that JCP&L presented to PJM were false.

125.    Upon information and belief, JCP&L knew or believed that the cost estimates and timelines provided to PJM and incorporated in the SIS were false.

16

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

126.   Upon information and belief, PJM prepared the SIS for Queue Positions Z2-053 and Z2-069 using the cost estimates and timelines provided by JCP&L.

127.   Upon information and belief, JCP&L knew or believed that PJM would incorporate the false cost estimates and timelines into the SIS report.

128.   Upon information and belief, JCP&L presented false cost estimates and timelines to PJM with the intent that Hudson Power would rely on the cost estimates and timelines.

129.   Upon information and belief, JCP&L knew or believed that the cost estimates and timelines provided to PJM and incorporated in the SIS were false.

130.   PJM prepared the SIS for Queue Positions Z2-053 and Z2-069 using the cost estimates, facility rating information, and timelines provided by JCP&L.

131.   Hudson Power reasonably relied on the costs estimates in the SIS.

132.   The unreasonably high cost estimates in the SISs were so high that Hudson Power was prohibited from proceeding to the next stage of the PJM study process for Queue Positions Z2-053 and Z2-069.

133.   On July 13, 2015, PJM terminated Hudson Power's Queue Positions, thereby depriving Hudson Power of the right to perform upgrades and receive financial benefits in return for Queue Positions Z2-053 and Z2-069.

134.   Upon information and belief, by representing false information to PJM, JCP&L intended to prevent Hudson Power from performing the upgrades in Queue Positions Z2-053 and Z2-069 so that JCP&L could retain for itself the opportunity to perform the upgrades on its own and receive the related return on investment.  In the context of Hudson Power's upgrade requests, JCP&L has admitted its self-interested desire to maintain market power and limit

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

competition in transmission planning and development. Specifically, JCP&L has admitted that merchant transmission providers like Hudson Power could underbid an incumbent transmission utility like JCP&L and provide less extensive facilities and other system upgrades and modifications to achieve the same result.

135.    Upon information and belief, JCP&L made the false representations described above intentionally, maliciously, and with wanton disregard for Hudson Power's right to receive accurate facility ratings and upgrade completion timelines, and with the intent to exclude Hudson Power from the opportunity to complete the upgrades.

136.    JCP&L made the representation of its cost estimates and timelines with a reckless disregard for the truth.

137.    JCP&L had no justification for providing false facility ratings, false cost estimates, or excessive timelines.

138.    JCP&L's conduct of intentionally providing false information to FERC and to PJM to inflate the costs of the project caused Hudson Power to lose Queue Positions Z2-053 and Z2-069 and the benefits to flow from completing the upgrade.

139.    As a result of Hudson Power not being able to proceed with the line upgrades, PJM terminated Hudson Power's Queue Positions Z2-053 and Z2-069 and Hudson Power incurred damages, including, without limitation, lost profits related to the IARR and ICTR associated with the upgrades.

WHEREFORE, Hudson Power Transmission Developers, LLC respectfully requests that this Court enter judgment in its favor and against Jersey Central Power & Light Company in an amount of compensatory damages exceeding $50,000, punitive damages, plus all other legally

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

recoverable damages Hudson Power has incurred, interest, costs, and any other relief that this Court deems appropriate.

### Count III – Hudson Power v. Public Service Electric and Gas Company
### Fraud/Intentional Misrepresentation

140.     Hudson Power incorporates paragraphs 1 through 139 as if set forth in full.

141.     Under the Federal Power Act, PSE&G had a duty to submit certified information through FERC Form 715. See 16 U.S.C. § 824l (b).

142.     PSE&G had a duty to provide accurate information to Hudson Power pursuant to PJM's CTOA and in the course of responding to network upgrade requests.

143.     PSE&G filed facility ratings on FERC Form 715 with FERC on April 1st of each year in 2012, 2013, 2014, 2015, and 2016, which ratings correspond to each previous year.

144.     PSE&G filed facility ratings with FERC for the systems affected by the proposed upgrades that are the subject of Hudson Power's Queue Positions Z2-053 and Z2-069.

145.     The facility ratings that PSE&G filed on its FERC Form 715 were false.

146.     Upon information and belief, PSE&G knew or believed that the facility ratings it filed with FERC were false.

147.     PSE&G also supplied these false facility ratings information to PJM in connection with Hudson's Powers upgrade requests.

148.     Upon information and belief, PSE&G knew or believed that the facility ratings it provided to PJM were false.

149.     PSE&G knew that PJM would utilize the false facility ratings in connection with Hudson's Powers upgrade requests.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

150.    PSE&G presented cost estimates and timelines to PJM in connection with the upgrades for Queue Positions Z2-053 and Z2-069.

151.    The cost estimates that PSE&G presented to PJM were false.

152.    Upon information and belief, PSE&G knew or believed that the cost estimates and timelines provided to PJM and incorporated in the SIS were false.

153.    PJM prepared the SIS for Queue Positions Z2-053 and Z2-069 using the cost estimates and timelines provided by PSE&G.

154.    Upon information and belief, PSE&G knew or believed that PJM would incorporate the false cost estimates into the SIS report.

155.    PSE&G presented false cost estimates and timelines to PJM with the intent that Hudson Power would rely on the cost estimates and timelines.

156.    Upon information and belief, PSE&G knew or believed that the cost estimates and timelines provided to PJM and incorporated in the SIS were false.

157.    PJM prepared the SIS for Queue Positions Z2-053 and Z2-069 using the cost estimates, facility rating information, and timelines provided by PSE&G.

158.    Hudson Power reasonably relied on the costs estimates in the SIS.

159.    The unreasonably high cost estimates in the SISs were so high that Hudson Power was prohibited from proceeding to the next stage of the PJM study process for Queue Positions Z2-053 and Z2-069.

160.    For example, PSE&G specifically withheld and misrepresented information regarding the scope of the needed improvements for the Readington-Roseland electric transmission line and associated facilities.

20

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

161.     PSE&G had in its possession specific analyses and studies relating to the improvements needed for the Readington-Roseland line; however, PSE&G purposefully ignored the recent best available information and data when it determined the scope and cost of the needed upgrades, thereby inflating the ultimate cost to Hudson Power.

162.     The FERC judge in FERC Docket No. EL15-79 found that PSE&G was not transparent regarding the conditions of the Readington-Roseland electric transmission line and associated facilities

163.     On July 13, 2015, PJM terminated Hudson Power's Queue Positions, thereby depriving Hudson Power of the right to perform upgrades and receive financial benefits in return for Queue Positions Z2-053 and Z2-069.

164.     Subsequent to July 2015, PSE&G provided further false information to PJM, Hudson Power, and others regarding the cost estimates for system upgrades.

165.     Upon information and belief, by representing false information to PJM, PSE&G intended to prevent Hudson Power from performing the upgrades in Queue Positions Z2-053 and Z2-069 so that PSE&G could retain for itself the opportunity to perform the upgrades on its own and receive the related return on investment.  In the context of Hudson Power's upgrade requests, PSE&G has admitted its self-interested desire to maintain market power and limit competition in transmission planning and development.

166.     Upon information and belief, PSE&G made the false representations described above intentionally, maliciously, and with wanton disregard for Hudson Power's right to receive accurate facility ratings and upgrade completion timelines, and with the intent to exclude Hudson Power from the opportunity to complete the upgrades.

21

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

167.    PSE&G made the representation of its cost estimates and timelines with a reckless disregard for the truth.

168.    PSE&G had no justification for providing false facility ratings, false cost estimates, or excessive timelines.

169.    PSE&G's conduct of intentionally providing false information to FERC and to PJM to inflate the costs of the project caused Hudson Power to lose Queue Positions Z2-053 and Z2-069 and the benefits to flow from completing the upgrade.

170.    As a result of Hudson Power not being able to proceed with the line upgrades, PJM terminated Hudson Power's Queue Positions Z2-053 and Z2-069 and Hudson Power incurred damages, including, without limitation, lost profits related to the IARR and ICTR associated with the upgrades.

WHEREFORE, Hudson Power Transmission Developers, LLC respectfully requests that this Court enter judgment in its favor and against Public Service Electric and Gas Company in an amount of compensatory and punitive damages exceeding $50,000, plus all other legally recoverable damages Hudson Power has incurred, interest, costs, and any other relief that this Court deems appropriate.

### Count IV – Hudson Power v. PPL Electric Utilities Corporation
### Fraud/Intentional Misrepresentation

171.    Hudson Power incorporates paragraphs 1 through 170 as if set forth in full.

172.    Under the Federal Power Act, PPL had a duty to submit certified information through FERC Form 715.  See 16 U.S.C. § 824l (b).

173.    PPL had a duty to provide accurate information to Hudson Power pursuant to PJM's CTOA and in the course of responding to network upgrade requests.

22

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

174.   PPL filed facility ratings on FERC Form 715 with FERC on April 1st of each year in 2012, 2013, 2014, 2015, and 2016, which ratings correspond to each previous year.

175.   PPL filed facility ratings with FERC for the systems affected by the proposed upgrades that are the subject of Hudson Power's Queue Positions Z2-053 and Z2-069.

176.   The facility ratings that PPL filed on its FERC Form 715 were false.

177.   Upon information and belief, PPL knew or believed that the facility ratings it filed with FERC were false.

178.   PPL also supplied this false facility ratings information to PJM in connection with Hudson's Powers upgrade requests.

179.   Upon information and belief, PPL knew or believed that the facility ratings it provided to PJM were false.  For example, PPL has admitted that it used a higher rating to calculate the SIS costs for Hudson Power for the Martins Creek Siegfried line and associated facilities.

180.   PPL knew that PJM would utilize the false facility ratings in connection with Hudson's Powers upgrade requests.

181.   PPL presented cost estimates and timelines to PJM in connection with the upgrades for Queue Positions Z2-053 and Z2-069.

182.   The cost estimates and timelines that PPL presented to PJM were false.

183.   Upon information and belief, PPL knew or believed that the cost estimates and timelines provided to PJM and incorporated in the SIS were false.

184.   PJM prepared the SIS for Queue Positions Z2-053 and Z2-069 using the cost estimates and timelines provided by PPL.

23

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

185.    Upon information and belief, PPL knew or believed that PJM would incorporate the false cost estimates and timelines into the SIS report.

186.    Upon information and belief, PPL presented false cost estimates and timelines to PJM with the intent that Hudson Power would rely on the cost estimates and timelines.

187.    Upon information and belief, PPL knew or believed that the cost estimates and timelines provided to PJM and incorporated in the SIS were false.

188.    PJM prepared the SIS for Queue Positions Z2-053 and Z2-069 using the cost estimates, facility rating information, and timelines provided by PPL.

189.    Hudson Power reasonably relied on the costs estimates in the SIS.

190.    The unreasonably high cost estimates in the SISs were so high that Hudson Power was prohibited from proceeding to the next stage of the PJM study process for Queue Positions Z2-053 and Z2-069.

191.    On July 13, 2015, PJM terminated Hudson Power's Queue Positions, thereby depriving Hudson Power of the right to perform upgrades and receive financial benefits in return for Queue Positions Z2-053 and Z2-069.

192.    Upon information and belief, by representing false information to PJM, PPL intended to prevent Hudson Power from performing the upgrades in Queue Positions Z2-053 and Z2-069 so that PPL could retain for itself the opportunity to perform the upgrades on its own and receive the related return on investment.

193.    Upon information and belief, PPL made the false representations described above intentionally, maliciously, and with wanton disregard for Hudson Power's right to receive

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

accurate facility ratings and upgrade completion timelines, and with the intent to exclude Hudson Power from the opportunity to complete the upgrades.

194.   PPL made the representation of its cost estimates and timelines with a reckless disregard for the truth.  For example, PPL has admitted that it did not have a system in place to review and verify facility ratings.

195.   PPL had no justification for providing false facility ratings, false cost estimates, or excessive timelines.

196.   PPL's conduct of intentionally providing false information to FERC and to PJM to inflate the costs of the project caused Hudson Power to lose Queue Positions Z2-053 and Z2-069 and the benefits to flow from completing the upgrade.

197.   As a result of Hudson Power not being able to proceed with the line upgrades, PJM terminated Hudson Power's Queue Positions Z2-053 and Z2-069 and Hudson Power incurred damages, including, without limitation, lost profits related to the IARR and ICTR associated with the upgrades.

WHEREFORE, Hudson Power Transmission Developers, LLC respectfully requests that this Court enter judgment in its favor and against PPL Electric Utilities Corporation in an amount of compensatory and punitive damages exceeding $50,000, plus all other legally recoverable damages Hudson Power has incurred, interest, costs, and any other relief that this Court deems appropriate.

### Count V – Hudson Power v. PJM Interconnection, L.L.C. Aiding and Abetting

198.   Hudson Power incorporated paragraphs 1 through 197 as if set forth in full.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

199.    Pursuant to the CTOA, its Tariff, and its role as a transmission system operator, PJM had a duty to review and approve the facility ratings and cost estimates provided to it by the Transmission Owners.

200.    As a matter of law, each Transmission Owner had a duty to provide accurate information to PJM and to Hudson Power.

201.    Furthermore, pursuant to the CTOA, each Transmission Owner had a contractual obligation to provide accurate information to PJM.

202.    Upon information and belief, PJM was aware that the Transmission Owners had breached their duty to provide accurate information to PJM and to Hudson Power.

203.    PJM failed to verify the facility ratings provided to it by the Transmission Owners.

204.    PJM accepted the ratings information provided by the Transmission Owners and passed those facility ratings on to FERC in the form of filed FERC Form 715s.

205.    PJM accepted the cost estimates and timelines provided by the Transmission Owners.

206.    PJM knew that the ratings filed on the FERC Form 715 were inconsistent with the ratings used by PJM in its determination of Hudson Power's Upgrade Requests.

207.    On April 2, 2015, Hudson Power notified PJM of its concerns about the Transmission Owner-provided facility ratings information.  In response, PJM refused to question the Transmission Owners about the reasonableness of their ratings and cost estimates.

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

208.   On April 2, 2015, Hudson Power notified PJM that the Transmission Owner-provided facility ratings, cost estimates, and timelines were based on false information.  In response, PJM continued to refuse to correct the false ratings.

209.   PJM provided substantial assistance to the Transmission Owners by refusing to correct the Transmission Owner-provided information, and by advancing this information through the SIS reports which resulted in Hudson Power losing the value of its proposed projects.

210.   PJM's conduct allowed the continuation of the Transmission Owners' fraudulent conduct toward Hudson Power, which deprived Hudson Power of the economic opportunity presented by the upgrade projects.

211.   PJM's conduct provided substantial assistance to the Transmission Owners by allowing them to withhold and misrepresent information that would have otherwise given Hudson Power an opportunity presented by the upgrade projects.

212.   Hudson Power suffered a pecuniary loss caused by the above conduct by PJM because Hudson Power was economically prohibited from performing the upgrades and prevented from acquiring the financial rights associated with those upgrades.

WHEREFORE, Hudson Power Transmission Developers, LLC respectfully requests that this Court enter judgment in its favor and against PJM Interconnection, L.L.C. in an amount of

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

compensatory damages exceeding $50,000, plus all other legally recoverable damages Hudson

Power has incurred, interest, costs, and any other relief that this Court deems appropriate.

Dated:  January 14, 2019

MCNEES WALLACE & NURICK LLC

By: _____
James P. DeAngelo
Pa. I.D. 62377
Dana W. Chilson
Pa. I.D. 208718
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Telephone: (717) 232-8000
jdeangelo@mcneeslaw.com
dchilson@mcneeslaw.com

*Attorneys for Plaintiff Hudson Power*
*Transmission Developers, LLC*

28

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

Subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities, I hereby certify that I am a member of Hudson Power Transmission Developers, LLC In that capacity, I am authorized to make this Verification on its behalf.  I further certify that the facts set forth in the foregoing document are true and correct to the best of my information and belief.



HUDSON POWER TRANSMISSION DEVELOPERS, LLC

By _____
       Steven W. Weber, Member

Dated: January 14, 2019

Case# 2017-04969-24 Docketed at Montgomery County Prothonotary on 01/14/2019 11:58 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

Dated:  January 14, 2019

MCNEES WALLACE & NURICK LLC

By: _____

James P. DeAngelo, Pa. I.D. 62377
Dana W. Chilson, Pa. I.D. 208718
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
Telephone: (717) 232-8000
jdeangelo@mcneeslaw.com
dchilson@mcneeslaw.com

*Attorneys for Plaintiff Hudson Power*
*Transmission Developers, LLC*